UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
        Plaintiff               CASE NO: 00-6311-CR-HUCK

vs.



KEITH LAMPKIN, et al,
        Defendants.
_____/

### MOTION TO COMPEL GOVERNMENT
### TO PRODUCE STATEMENTS GIVEN BY
### COOPERATING WITNESSES IN PRE-SENTENCE-
### INVESTIGATION REPORT

      COMES NOW, the Defendant, KEITH LAMPKIN, by and through the undersigned attorney,

pursuant to local rule 7.1 of the Southern District and 18 U.S.C. 3500 (Jenks Act; hereinafter Jenks

Act) and moves this honorable court for an order compelling the government to turn over to the

defense any statements given by a cooperating government witness contained in a Pre-Sentence-

Investigation Report. As grounds for this request Mr.. Lampkin would state as follows:

      (1) The Jenks act mandates that previous statements given by government witnesses in the

possession of the government must be turned over to the defense for their examination and use.

      (2) Crim. R. 32 requires that a pre-sentence-investigation report (PSI) be prepared for anyone

facing a violation of federal law. To comply with the United States Sentencing Guidelines the PSI

allows an individual to give a truthful statement concerning his role in the offense in order to show

"acceptance of responsibility" (U.S.S.G.§3E1.1); or qualification for the "safety valve" provision at

the time of sentencing. (U.S.S.G.§5C1.2) Additionally the rule mandates that the defense and the

government be given a copy of the PSI and allows both parties to file objections to misinformation'

*Law Offices of Steven H. Kassner*

contained within the report. A statement by a cooperating witness contained in a PSI under those circumstances would indicate that the statement was adopted or approved by the witness. Further, it is the policy and practice of the United States Attorney's Office to require all cooperating witnesses to give complete, accurate, and truthful testimony to the Department of probation in the preparation of the PSI as a condition to a motion to reduce sentence pursuant to U.S.S.G. 5K1.1. This additional requirement also indicates that any statements by a cooperating witness contained in a PSI were approved or adopted by the witness. It is Mr.. Lampkin's position that these statements come within the provision of the Jenk's act and must be turned over to the defense for their examination and use.

(3) Crim. R. 32 does not prohibit the disclosure of a PSI to third parties. The judicially created presumption of confidentiality concerning the PSI is not irrefutable. **United States Department of Justice v. Julian 108 S.ct 1606, 1613 (1988)**. A compelling need will always justify disclosure. **United States v. Huckaby 43 F.3d 135 (5th Cir. 1995); United States v. Carreon 11F.3d 1225, 1238 (5th Cir. 1994).**

(4) This case is a large RICO conspiracy that operated for Four years. The indictment charges 13 individuals in 39 counts and the governments estimates that the case will take 45 trial days to complete. The government's initial discovery disclosure indicated that the prosecution was based on historical investigation which relied heavily on cooperating witnesses who participated in the conspiracy. (See Exhibit A) Such witnesses are inherently unreliable since they have every motive to be un-truthful in order to influence the final disposition in their own case. Under these circumstances, to ensure a fair trial Mr.. Lampkin has met the compelling need requirement.

(5) The purpose of the Jenks Act is to make sure that government witnesses testify accurately and that the government does not suppress evidence that undermines the credibility of the government's case. In the context of this case, statements concerning the subject matter of this

government's case. In the context of this case, statements concerning the subject matter of this conspiracy given by, and contained in, a cooperating witnesse's PSI, meet the definition of "statement" within the Jenks Act and must be turned over to the defense to insure that the witness testifies accurately and truthfully, and that the witnesse's testimony is not inconsistent with statements given by other government witnesses. In this case the reason for disclosure is solidly grounded on the Defendant's sixth amendment need to ensure effective preparation for trial. Non-disclosure no longer protects the government witnesse's privacy interest in his or her PSI since the witnesses's conviction, prior criminal record, and involvement in the instant case are clearly documented by his testimony in a public trial. Clearly Mr. Lampkin's need for disclosure out-weighs any continued interest of confidentiality in the PSI belonging either to the government witness or the government.

Wherefore the Defendant, KEITH LAMPKIN, respectfully requests that this honorable court grant the relief prayed for in this motion.

Respectfully submitted,
Steven Kassner, Esq.
815 Ponce De Leon Blvd.
Coral Gables, Florida 33134
(305) 461-2744

BY _____
STEVEN H. KASSNER
Florida Bar Number 372331

## CERTIFICATE OF SERVICE

I CERTIFY that a true and accurate copy of the foregoing was mailed to the individuals listed on the attached Service List on this ___ day of February, 2001.

_____
STEVEN H. KASSNER, ESQ.

## SERVICE LIST

### United States v. Keith Lampkin, et. Al.
### Case Number 00-6311-CR-HUCK

Michael J. Dittoe, Esq.
United States Attorney's Office
7th Floor
500 East Broward Boulevard
Fort Lauderdale, Florida 33394

Paul D. Lazarus, Esq.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Donald I. Bierman
Bierman, Shohat, Loewy & Klien, P.A.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Guy Spiegleman, Esq
Suite 400
28 West Flagler Street
Miami, Florida 33131

Reemberto Diaz, Esq.
1435 South Miami Avenue
Miami, Florida 33130

Larry Hanfield, Esq.
Suite 1130
4700 Biscayne Boulevard
Miami, Florida 33137

William J. Cone, Esq.
514 Southeast 7th Street
Fort Lauderdale, Florida 33301

James D. Henderson, Esq.
Suite 1130
12121 Wilshire Boulevard
Los Angeles, California 90025

Martin R. Raskin, Esq.
Suite 206, Grove Forest Plaza
2937 Southwest 27th Avenue
Miami. Florida 33133

LEHR & GASALLA, P.A.
Suite 810
1401 Brickell Avenue
Miami, Florida 33131

Irma Botana
U.S. Pretrial Services Officer
330 Biscayne Blvd., Suite 500
Miami, Florida 33132

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO. <u>00-6311-CR-HUCK</u> |
| ) | Magistrate Judge Stephen Brown |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| CLARENCE LARK, et al. ) | |
| ) | |
| Defendant. ) | |
| ——————————————————) | **GOVERNMENT'S RESPONSE TO** |
| | **THE STANDING DISCOVERY ORDER** |

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.   The government is unaware of any written or recorded statements made by the defendant(s).

    2.   That portion of the written record containing the substance of any oral statement made by defendants SEYMORE and LAMPKIN before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

         The following is the substance of an oral statement made by Defendant HALL before or after arrest in response to interrogation by any person then known to the defendant to be a government agent which the government intends to use at trial: HALL admitted that he was in the construction business and that he used Carlton Crawl to obtain building permits because he (HALL) was not a licensed contractor.

HALL further stated that he paid Crawl for this service. HALL admitted that he (HALL) was not employed by Crawl, but rather used him to obtain permits for work that he (HALL) in fact performed

**(Optional early disclosure of other statements):**
Although the following statements were not made in response to interrogation by any person then known to the defendant to be a government agent, the government is disclosing them voluntarily: There are tape recorded discussions between defendant SEYMORE and a cooperating witness in June 1997 and May 1998. These conversations relate to drug trafficking through Port Everglades. In those conversations the defendant SEYMORE initially agreed to participate in a smuggling venture and then stated that he did not wish to particiapte because of recent law enforcement activity. In addition there are recorded conversations between a cooperating witness and defendants CLARENCE LARK and LARRY CRENSHAW. These conversations do not contain explicit discussions of criminal activity.

3.    No defendant testified before the Grand Jury.

4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.

5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Customs Service, 299 East Broward Blvd, Fourth Floor, Ft. Lauderdale, FL. 33301. Please call the undersigned to set up a date and time that is convenient to both parties. In addition, copies of the documents may be obtained in the near future by contacting International Legal Imprints at 305-358-3730. There are approximately twelve boxes of discovery materials.

6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States

2

requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). Some of that information is attached. In addition, be advised that <u>Jeffrey McCleod</u> will testify under grant of statutory use immunity. 18 U.S.C. § 6001. The government and Jeffrey McCleod have no plea agreement. Jeffrey McCleod is prosecuting an appeal of his drug trafficking conviction in <u>United States v. McCleod</u>, Case Number, 98-6015-CR-Hurley.

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. Some of that information is attached. As noted above, <u>Jeffrey McCleod, a government witness, was convicted of drug trafficking</u> as were Willie Jackson, <u>Rodney Jackson, Lionel Welch</u>, Harold Wright, Mark Knight, and Rodney Jackson..

F.  The following defendants were identified in a six-person lineup by the indicated witnesses: Lione "Ron" Welch: CHARLIE HALL, WILLIAM gARCIA; Rodney Jackson: RICARDO MCHORNE, CHARLEI HALL, CURTIS NEWTON; Willie Jackson: CHARLIE HALL, RICARDO MCHORNE, WILLIAM GARCIA, JOHN GALLO. A copy of the photographs of the lineup proceedings are attached hereto. In addition, J. Peebles stated that single photographs of CLARENCE LARK and LARRY CRENSHAW strongly resembled the persons with who he dealt in the negotiation of vehicle sales. His wife, Mary Peebles was not able to identify these persons but did identify Willie Jackson as being

3

involved in the purchase of vehicles.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). Specifically, You are placed on notice that the United States intends to introduce evidence through the testimony of Rodney Jackson that defendant RICARDO MCHORNE participated in a series of narcotics importations, and attempted importations, in 1991, 1992 and 1994. Defendant CURTIS NEWTON also participated in a narcotics transaction with Rodney Jackson. of  The United States intends to introduce evidence of Defendant CHARLIE HALL's prior narcotics trafficking as reflected in the attached court records as well as his use of others to obtain building permits in furtherance of the narcotics conspiracy charged in the indictment. In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow

independent chemical analysis of such sample.

If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.    If you wish to inspect the vehicles used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vessels, aircraft and vehicles.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized vessels, aircraft or automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.    The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.    To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was as stated in the indictment:

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

MICHAEL J. DITTOE
Assistant United States Attorney
Court ID Number: A5500209
500 East Broward Blvd.
Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7230

6

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by Federal Express this 20th day of December 2000.

Paul David Lazarus, Esq.
800 Brickell Avenue
Suite PH2
Miami, FL 33131

James D. Henderson, Esq.
12121 Wilshire Blvd.
Suite 1120
Los Angeles, CA 90022-1123

Larry Hanfield, Esq.
4700 Biscayne Boulevard
Suite 1130
Miami, FL 33137

Donald I. Bierman, Esq.
Bierman, Shohat, Lowey
& Klein
800 Brickell Avenue
Penthouse 2
Miami, FL 33131-2944

William J. Cone, Esq.
514 SE Seventh Street
Ft. Lauderdale, FL 33301

Martin Robert Raskin, Esq.
Raskin & Raskin
Grove Forest Plaza
2937 SW 27th Avenue, Ste. 206
Miami, FL 33133-3703

Reemberto Diaz, Esq.
1435 S. Miami Avenue
Miami, FL 33130

Steve Kassner, Esq.
815 Ponce DeLeon
Suite 303
Coral Gables, FL 33134

Guy Gersten Spiegelman, Esq.
Courthouse Plaza
28 W. Flagler Street
Suite 400
Miami, FL 33130

Bruce Howard Lehr, Esq.
Lehr & Gasalla
1401 Brickell Avenue
Suite 1040
Miami, FL 33131

MICHAEL J. DITTOE
Assistant United States Attorney