UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, ) Case No. 00-6311-CR-HUCK
)
v. )
)
KEITH LAMPKIN, et al, )
)
Defendants. )
_____)

**STRICKEN**

### DEFENDANTS' MOTION TO DISMISS INDICTMENT DO TO IMPROPER JOINDER AND DUPLICITY UNDER CRIM.R. 8

COMES NOW, the Defendant, KEITH LAMPKIN, by and through the undersigned attorney, pursuant to Local Rule 7.1 of the Southern District and Crim.R. 8, and files this Motion requesting that this Honorable Court dismiss the indictment. As grounds for this request, the Defendant would state as follows:

1. Mr. Lampkin is charged along with eight (8) other individuals in a forty-three (43) count indictment. The indictment alleges that the criminal activity involved occurred over an 11 year period. There is no single conspiracy count contained in the indictment charged against all the defendants.

2. The indictment contains a general allegation section. The government alleges in that section that the co-defendant(s) CLARANCE LARK (hereinafter LARK) and LARRY CRENSHAW (hereinafter CRENSHAW), controlled teamster local 390 and used their positions in that union to illegally finance certain pornography and car rental business with proceeds derived from criminal activity occurring at Port Everglades. Mr. Lampkin is not mentioned in the general allegation section of the indictment.

3. Count II of the Indictment charges LARK and CRENSHAW with a RICO conspiracy. Paragraph 6 of that count sates that the objective of the conspiracy was to dominate and control the operations of teamster local 390 through extortion, bribery and intimidation in order to operate the

1

union for their own economic benefit. The manner and means section of that count details numerous conspiracies involving money-laundering, extortion, rigged union elections, and bribery that LARK and CRENSHAW participated in in order to control the union. Mr. Lampkin is not mentioned in this section of the indictment either.

4.  Mr. Lampkin is charged in counts two (2), three (3), thirty-seven (37) and thirty-eight (38) of the indictment. Count II and III specifically incorporate the manner and means section and general allegation section previously discussed.

5.  A review of the counts charged against Mr. Lampkin clearly demonstrate that the conspiracy he allegedly participated in had as its only objective the smuggling of cocaine on a fee for service basis. The object of Mr. Lampkin's conspiracy did not involve the financing of pornographic companies with illegal drug proceeds nor the use of those businesses to launder millions of dollars in illicit profits. Additionally, the conspiracy charged against Mr. Lampkin did not have as its objective the control of local union 390 through intimidation, bribery, rigged elections, nor extortion. The government, by incorporating the general allegation and manner and means sections of the indictment expressly charged Mr. Lampkin in counts II and II with participating in those conspiracies also. *The defendant is not charged in the remaining counts of the indictment.* Those counts are directed at other co-defendant(s) and detail other drug violations and money-laundering operations.

6.  Joinder of counts and defendants in the same indictment is governed by Crim.R. 8.[1] The rule prohibits the pleading of multiple separate offenses in the same count. **United States v. Munoz-Franco, 986 F.Supp. 70, 71 (D.Puerto Rico 1997)**. Whether an indictment is duplicitous must be based on the allegations of the indictment itself. Id. The government in counts II and II

---

[1] Rule 8
(a) **Joinder of Offenses**. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
(b) **Joinder of Defendants**. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or seperately and all of the defendants need not be charged in each count.

clearly filed two separate duplicitous counts. As drafted, the two counts separately and independently charge Mr. Lampkin with participating in numerous conspiracies involving extortion, bribery, rigged elections, money laundering, and drug smuggling. This violates Crim.R. 8's prohibition against duplicity.

7. The indictment also impermissibly joins counts and defendants. Crim.R. 8 prohibits the joinder of counts and defendants in the same indictment unless they are of similar character or acts or constitute a common scheme or plan. In order to meet the requirements of the rule, the government must demonstrate that the acts alleged are united by some substantial identity of facts and participants. **United States v. Wilson , 894 F. 2d 1245, 1253 (11th Cir. 1990).** As Judge Fay wrote, "When...the connections between different groups is limited to a few individuals common to each but those individuals commit separate offenses with no common aim, then the requisite substantial identity of facts or participants is not present". **United States v. Nettles, 570 F. 2d 547, 551 (5th Cir. 1978); United States v. Weaver, 905 F. 2d 1466, 1477 (11th Cir. 1990)**.

8. The crimes charged against Mr. Lampkin are not the same or similar to the crimes charged against his co-defendant(s). Mr. Lampkin is charged with common narcotics violations. His co-defendant(s) are charged with RICO conspiracy, money-laundering, bribery, extortion, and rigging union elections. There is nothing remotely similar to those crimes and the simple drug conspiracy that Mr. Lampkin is alleged to have participated in .

9. The indictment also fails to allege a "common scheme or plan". See **United States v. Palacious, 949 F. Supp. 198, 199 (S.D.N.Y. 1996)**(Joinder is improper under Rule 8 (b) because the indictment fails to charge either a common plan or scheme among the two sets of defendant(s) or an identity of facts or participants). The object of Mr. Lampkin's conspiracy was simply to smuggle drugs. It was not to take over union local 390 and use it as a racketeering and money-laundering enterprise. There was no common plan between Mr. Lampkin and the other defendant(s). See **United States v. Maranghi, 718 F. Supp. 1450, 1452, (N.D. Co. 1989)** (In considering whether a particular set of events constitute a "series of acts or transactions...a logical relationship maybe shown by the existence of a common plan, scheme or conspiracy. In this case there was no reason to believe that each and every defendant was working towards a common end in which all would share their fruits of their collective labor.)

3

10. Since the indictment as it pertains to Mr. Lampkin is duplicitous and impermissibly joins counts and defendants in violation of Crim.R. 8, this court should dismiss the indictment.

WHEREFORE the Defendant, KEITH LAMPKIN, respectfully requests that this Honorable court grant the relief prayed for in this motion.

>Respectfully submitted
>STEVEN H. KASSNER
>815 Ponce De Leon Blvd.
>Suite 303
>Coral Gables, Florida 33134
>305-461-2744
>
>BY: _____
>    STEVEN H. KASSNER

## CERTIFICATE OF SERVICE

I CERTIFY that a true and accurate copy of the foregoing was mailed to the individuals listed on the attached Service List on this _16_ day of January, 2001.

_____
STEVEN H. KASSNER, ESQ.

## SERVICE LIST

United States v. Keith Lampkin, et. Al.
Case Number 00-6311-CR-HUCK

Michael J. Dittie, Esq.
United States Attorney's Office
7th Floor
500 East Broward Boulevard
Fort Lauderdale, Florida 33394

Paul D. Lazarus, Esq.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Donald I. Bierman
Bierman, Shohat, Loewy & Klien, P.A.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Guy Spiegleman, Esq.
Suite 400
28 West Flagler Street
Miami, Florida 33131

Reemberto Diaz, Esq.
1435 South Miami Avenue
Miami, Florida 33130

Larry Hanfield, Esq.
Suite 1130
4700 Biscayne Boulevard
Miami, Florida 33137

William J. Cone, Esq.
514 Southeast 7th Street
Fort Lauderdale, Florida 33301

James D. Henderson, Esq.
Suite 1130
12121 Wilshire Boulevard
Los Angeles, California 90025

Martin R. Raskin, Esq.
Suite 206, Grove Forest Plaza
2937 Southwest 27th Avenue
Miami, Florida 33133

LEHR & GASALLA, P.A.
Suite 810
1401 Brickell Avenue
Miami, Florida 33131