UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED _____ D.C.

01 APR -2 AM 9: 25

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA,
    Plaintiff

CASE NO: 00-6311-CR-HUCK

vs.

KEITH LAMPKIN, et al,
    Defendants.
_____/

### DEFENDANT, KEITH LAMPKIN'S, MOTION TO SET ASIDE THIS COURT'S ORDER STRIKING DEFENDANT'S PRE-TRIAL MOTIONS

COMES NOW, the Defendant, KEITH LAMPKIN, by and through the undersigned attorney, pursuant to Rule 7.1 of the Local Rules and would request that this honorable court set aside its March 21st order striking the Defendant's pre-trial-motions. As grounds for this request the Defendant would state as follows:

(1) On or about March 21, 2001 this honorable court struck Defendant, KEITH LAMPKIN'S, Motion to dismiss the Indictment due to Improper Joinder and Duplicity Under Crim. R. 8 and Mr. Lampkin's Motion to Compel the Government to Produce Statements Given by Cooperating Witnesses Contained in their Pre-Sentence Investigation Reports. The reason for the court's action was the failure of the Defendant to file the above motions by the motion filing deadline and the Defendant's failure to respond to this court's order to show good cause why those deadlines were missed.

(2) The original deadline for filing motions was February 12, 2001. The week preceding that deadline counsel was notified by the Pre-Trial Service Office that Mr. Lampkin had tested positive for cocaine and was refusing to participate in an in-house drug treatment facility as a condition of his

*Law Offices of Steven H. Kassner*
815 PONCE DE LEON BLVD, SUITE 303 • CORAL GABLES, FLORIDA 33134 • TELEPHONE: (305) 461-2744

continued release on bond. Ultimately this honorable court ordered that Mr. Lampkin be taken into custody. Over the next several days undersigned counsel spent numerous hours attempting to secure Mr. Lampkin's release. This finally occurred after a court hearing on February 12, 2001. Further complicating matters was the fact that counsel's secretary had missed work due to an illness.

(3) Because of those events counsel asked for and received an extension from this court to February 15, 2001 in which to file pre-trial-motions. On February 13, 2001 counsel completed the Defendant's motion seeking the statements of cooperating witnesses contained in the Pre-Sentence Investigation Report. That motion was mailed to the clerk on the same day. Counsel has no explanation as to why it took three days (February 16, 2001) for the motion to finally arrive at the clerk's office.

(4) Counsel had hoped to file Defendant's motion seeking dismissal of the indictment by the February 15th deadline but counsel had underestimated how much time it would take to draft and type that motion. Counsel was unable to complete the motion until February 16th and was not able to file it until February 20th.

(5) Counsel did not respond to this court's Order to Show Cause because counsel failed to see it. Counsel takes full responsibility for the late filing of the motions and has received this court's message loud and clear that late filings and sloppy motion practice will not be tolerated.

(6) On or about March 5, 2001 the government filed responses to Mr. Lampkin's two motions, therefore there is no prejudice to the government because of the late filing. The prejudice to Mr. Lampkin will be great however if this court does not rule on the merits of those motions. If Mr. Lampkin should be convicted he will loose his opportunity to contest the issues contained in those motions on appeal. Counsel understands that the court's time is valuable and apologizes for the inconvience. Counsel would respectfully request this court however reconsider its order striking Mr.

Lampkin's motions.

(6) Counsel has spoken to AUSA Michael Dittoe and he indicated that he will take no position on this motion.

Wherefore the Defendant, KEITH LAMPKIN, respectfully requests that this honorable court grant the relief prayed for in this motion.

                                  Respectfully submitted,
                                  Steven Kassner, Esq.
                                  815 Ponce De Leon Blvd.
                                  Coral Gables, Florida 33134
                                  (305) 461-2744

                                  BY _____
                                       STEVEN H. KASSNER
                                       Florida Bar Number 372331

## CERTIFICATE OF SERVICE

I CERTIFY that a true and accurate copy of the foregoing was mailed to the individuals listed on the attached Service List on this 30 day of March, 2001.

STEVEN H. KASSNER, ESQ.

## SERVICE LIST

<u>United States v. Keith Lampkin, et. Al.</u>
<u>Case Number 00-6311-CR-HUCK</u>

Michael J. Dittoe, Esq.
United States Attorney's Office
7th Floor
500 East Broward Boulevard
Fort Lauderdale, Florida 33394

Paul D. Lazarus, Esq.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Donald I. Bierman
Bierman, Shohat, Loewy & Klien, P.A.
Penthouse Two
800 Brickell Avenue
Miami, Florida 33131

Guy Spiegleman, Esq.
Suite 400
28 West Flagler Street
Miami, Florida 33131

Reemberto Diaz, Esq.
1435 South Miami Avenue
Miami, Florida 33130

Larry Hanfield, Esq.
Suite 1130
4700 Biscayne Boulevard
Miami, Florida 33137

William J. Cone, Esq.
514 Southeast 7th Street
Fort Lauderdale, Florida 33301

James D. Henderson, Esq.
Suite 1130
12121 Wilshire Boulevard
Los Angeles, California 90025

Martin R. Raskin, Esq.
Suite 206, Grove Forest Plaza
2937 Southwest 27th Avenue
Miami, Florida 33133

LEHR & GASALLA, P.A.
Suite 810
1401 Brickell Avenue
Miami, Florida 33131

Irma Botana
U.S. Pretrial Services Officer
330 Biscayne Blvd., Suite 500
Miami, Florida 33132

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff

CASE NO: 00-6311-CR-HUCK

vs.

MAGISTRATE JUDGE BROWN

KEITH LAMPKIN, et al,
    Defendants.
_____/

## ORDER SETTING ASIDE
## COURT ORDER STRIKING DEFENDANT'S
## PRE-TRIAL MOTIONS

COMES NOW, the court, after hearing arguments from the parties and otherwise being fully informed, it is:

ORDERED AND ADJUDGED

That the Defendant's motion seeking to set aside this courts order of March 21, 2001 striking the Defendant's pre-trial-motions is granted.

DONE AND ORDERED in chamber at Miami Dade County, Florida this ____ day of March, 2001.

                                              _____
                                              United States Magistrate Judge