UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff

CASE NO: 00-6311-CR-HUCK

vs.

MAGISTRATE JUDGE BROWN

KEITH LAMPKIN, et al,
    Defendants.
_____/

RECEIVED & FILED IN OPEN COURT
ON 4/2/01 AT
Miami
Clarence Maddox
United States District Court
Southern District of Florida

### EX-PARTE MOTION FOR COSTS TO OBTAIN AN INVESTIGATOR PURSUANT TO THE CRIMINAL JUSTICE ACT 18USC 3006A

COMES NOW, the defendant, KEITH LAMPKIN, by and through the undersigned attorney, pursuant to local rule 7.1 of the Southern District and 18USC 3006(A) (hereinafter the criminal Justice Act), and would request that this honorable court authorize undersigned counsel to retain the services of an investigator to assist counsel in the preparation of this case. As grounds for this request undersigned counsel would state as follows:

(1) The Defendant, KEITH LAMPKIN, is charged along with 13 other co-defendants in a 38 page indictment. The indictment covers a four year time span beginning in 1996. The indictment charges Mr. Lampkin and other co-defendants with among other things: Conspiracy to further an enterprise through a pattern of racketeering in violation of 18USC 1962 (d); Conspiracy to import marijuana and cocaine in violation of 21USC 963; Conspiracy to possess with intent to distribute marijuana and cocaine in violation of 21USC 846; Money laundering in violation of 18USC 1956-1957; and Extortion in violation of 18USC 1957. The government estimates that this case will take forty five (45) trial days to complete.

(2) After a review of the government's initial discovery response it appears that the vast bulk

*Law Offices of Steven H. Kassner*
815 PONCE DE LEON BLVD, SUITE 303 • CORAL GABLES, FLORIDA 33134 • TELEPHONE: (305) 461-2744

of the case against Mr. Lampkin will rest on the testimony of witnesses who worked with Mr. Lampkin at Port Everglades. The government's initial discovery response indicates that there is no other evidence other than cooperating witnesses which the government plans to offer in its case against Mr. Lampkin. Counsel and Mr. Lampkin have been able to identify the following individuals from the government's discovery response whom counsel and Mr. Lampkin believe will be witnesses against Mr. Lampkin at trial. The vast majority of these individuals are currently incarcerated of federal drug charges. Below is a list of the witnesses, their relationship to Mr. Lampkin, and their current custody status:

1) Larry Seymore
   Co-Worker Port Everglades
   Co-Defendant
   Currently out on bond

2) Jeffrey McCloud
   Co-Worker Port Everglades
   Federal Prisoner

3) Willie Jackson
   Co-Worker Port Everglades
   Federal Prisoner

4) Lionel Welch
   Co-Worker Port Everglades
   Federal Prisoner

5) Harold Wright
   Co-Worker Port Everglades
   Mr. Wright is also a Mason
   brother with the Defendant.

6) Jane Hartley
   Defendant's supervisor at Port Everglades
   Retired; lives in Albany Georgia

7) Joe Shea
   Defendant's overall supervisor
   Vice-President-Crawly American Transportation

*Law Offices of Steven H. Kassner*
815 PONCE DE LEON BLVD, SUITE 303 • CORAL GABLES, FLORIDA 33134 • TELEPHONE: (305) 461-2744

8) Cecil McLeod
Co-Worker Port Everglades
Federal Prisoner

9) Vincent King a.k.a. "Catfish"
Co-Worker Port Everglades
Federal Prisoner

10) Tony Owens
Co-Worker Port Everglades
Mr. Owens is also a Mason
Brother with the Defendant
Federal Prisoner

11) Malcolm Edwards
Co-Worker Port Everglades
Mr. Edwards was also the Defendant's
supervisor while the Defendant worked
at Port Everglades
Federal Prisoner

(3) It is Mr. Lampkin's position that these individuals are being untruthful about his involvement in order to receive a benefit from the government. The bulk of Mr. Lampkin's defense will be to discredit the testimony of the witnesses on cross-examination. To do that counsel must be able to do a thorough background check on these individuals in an effort to discover past incidents of untruthfulness. Such an approach is warranted under F. Evid. R 608(b) which states in pertinent part that "Specific instances of the conduct of a witness may, if probative of untruthfulness, be inquired into on cross-examination concerning the witnesses character for untruthfulness". Therefore whether a witness used an alias or submitted a fraudulent mortgage application are relevant areas of inquiry. Counsel is not in a position to obtain such information without the help of a trained investigator.

(4) Additionally, Ms. Jane Hartley was Mr. Lampkin's supervisor when he worked as a Stevedore at Port Everglades. According to Mr. Lampkin Ms. Hartley was responsible for assigning

union crews to unload ships that arrived at the port. Mr. Lampkin in counts 36 and 37 is charged with drug trafficking on September 6, 1996. Ms. Hartley currently resides in Albany, Georgia and may have relevant information as to whether Mr. Lampkin worked or was present at Port Everglades on the day in question. Without an investigator counsel has no way of tracking down and speaking with her in an effort to determine whether she has relevant information.

(5) Counsel wishes to retain Julio Ojeda, 15041 S.W. 146 Street, Miami, Florida 33196 as his investigator. Mr. Ojeda estimates that it will cost $3,000.00 (Three Thousand Dollars) to perform the work outlined in this motion.

(6) Counsel would ask this court to authorize that sum so that counsel may render effective assistance of counsel to Mr. Lampkin

Wherefore the Defendant, KEITH LAMPKIN, respectfully requests that this honorable court grant the relief prayed for in this motion.

Date Submitted 3/30/01

Respectfully submitted,
Steven Kassner, Esq.
815 Ponce De Leon Blvd.
Coral Gables, Florida 33134
(305) 461-2744

BY_____
STEVEN H. KASSNER
Florida Bar Number 372331

*Law Offices of Steven H. Kassner*
815 PONCE DE LEON BLVD, SUITE 303 • CORAL GABLES, FLORIDA 33134 • TELEPHONE: (305) 461-2744