UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6311-CR-HUCK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

KEITH LAMPKIN,

    Defendant.
_____/

## MOTION FOR DOWNWARD DEPARTURE

COMES NOW the Defendant, KEITH LAMPKIN, by and through his undersigned counsel, pursuant to U.S.S.G. Section 5K2.0 and any other applicable laws and treaties of the United States, and hereby moves for a downward departure from the otherwise applicable sentencing guidelines in this case, and as grounds in support thereof would state as follows:

1. The Defendant, KEITH LAMPKIN, had an abusive father who was an alcoholic who died of cirrhosis of the liver in 1987. His late father was abusive both to his mom, Pearl Lampkin, as well as to the children.

2. The Defendant developed a drug habit which resulted in two arrests and convictions for personal use amounts of crack cocaine in 1990 and 2000. (See Presentence Investigation Report).

3. In the instant offense, the Defendant has been described as "a low level co-conspirator in the Jackson drug organization. He was only involved in the marijuana venture of October 25, 1996, wherein he was going to assist in off-loading the marijuana ... [and was] involved in several conversations with other co-conspirators between October 25 and October 26, 1996."

4. According to the government, virtually all of the co-defendants who went to trial and were acquitted were more culpable than the Defendant LAMPKIN. Accordingly, the government stated it will not "strenuously oppose" the instant motion due to those facts.

## MEMORANDUM OF LAW

Pursuant to U.S.S.G. Section 5K2.0, this Court may depart downward from the Sentencing Guidelines if the Court finds that there exists a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different than that described." U.S.S.S. Section 5K2.0. This Court is also permitted to depart downward from the applicable guideline range where a combination of factors or "totality" of the circumstances warrant a sentence under the guideline range even if the individual factors or circumstances standing alone would not warrant a departure. See, Koon v. United States, 518 U.S. 81 (1996) which determined that in reviewing the district court's decision to depart from the

guidelines, appellate courts are to apply the abuse of discretion standard because a decision to depart embodies a traditional exercise of discretion by the Sentencing Court. Furthermore, "before departure is permitted, certain aspects of the case must be found unusual enough for it to fall outside the heartland of cases in the guidelines. To resolve this question, the district court must make a refined assessment of the many facts bearing on the outcome, informed by its vantage point and day to day experience in criminal sentencings. Whether a given factor is present to a degree not adequately considered by the Commission, or whether a discouraged factor nonetheless justifies departure because it is present in some unusual or exceptional way, are matters determined in large part by comparison with the facts of other guideline cases. District courts have an institutional advantage over appellate courts in making these sorts of determinations especially as they see so many more guideline cases than appellate courts do." Id at 98. Accordingly, it is respectfully submitted that under the totality of the circumstances, this case is outside the heartland of typical drug cases, and a downward departure is warranted.

WHEREFORE, based upon the foregoing, it is respectfully requested that this Court grant a downward departure from the otherwise applicable sentencing guidelines.

Respectfully submitted,

McKENNA & OBRONT
Attorneys for Defendant
Florida Bar No. 348481
2940 First Union Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Phone: (305) 373-1040
Fax:    (305) 373-2040

By: _____
PAUL A. McKENNA, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was faxed/mailed this 15th day of January, 2002 to Michael Dittoe, Assistant U.S. Attorney, 500 E. Broward Boulevard, Fort Lauderdale, Florida 33301 and Jessica Kirby, U.S. Probation Officer, 300 N.E. 1st Avenue, #315, Miami, Florida 33132.

_____
PAUL A. McKENNA, ESQ.